United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 13, 2003**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 02-30790
_____

UNITED STATES OF AMERICA,
*ex rel.* JOHN DOE,

Plaintiff - Appellant,

versus

DOW CHEMICAL COMPANY,

Defendant - Appellee.

_____

Appeal from the United States District Court
For the Middle District of Louisiana

_____

Before WIENER, CLEMENT, and PRADO, Circuit Judges.

EDITH BROWN CLEMENT, Circuit Judge:

In this case, appellant contends that he stated a valid reverse false claim under the False Claims Act, 31 U.S.C. § 3729(a)(7). The district court dismissed appellant's claim for failure to plead with particularity under Federal Rule of Civil Procedure 9(b) and failure to state a claim on which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), and denied his motion to dismiss without prejudice and his motion to amend. We affirm.

1

## I. FACTS AND PROCEEDINGS

Appellant John Doe ("Doe"), later revealed to be Russell Thomas, was an employee of appellee Dow Chemical Company ("Dow Chemical") in its Plaquemine, Louisiana facility. At that site, Dow Chemical operates an incinerator for hazardous wastes. While employed by Dow Chemical, during a period of time described in the complaint only as "several months in late 1998 to early 1999," Doe allegedly became aware of discharges from the Plaquemine facility in excess of the amount of total suspended solids allowable by permit.

On August 30, 2001, Doe filed suit in the United States District Court for the Middle District of Louisiana on behalf of the United States against Dow Chemical, alleging violations of the False Claims Act ("FCA"), 31 U.S.C. § 3729 (2000). The complaint alleged "illegal" discharges by Dow Chemical from the Plaquemine facility. Citing no statutory authority, Doe merely stated that "[p]ursuant to the laws of the United States of America and the State of Louisiana, including the rules and regulations of and the permits issued by the Louisiana Department of Environmental Quality and the Environmental Protection Agency, Dow is required to monitor and report emissions above those allowed by law." Only in his appeal to this Court did Doe manage to allege specific environmental statutory violations.

Doe's complaint was sealed, pursuant to court order, until the United States determined whether it desired to intervene. The Government declined to do so on December 18, 2001. At that point, the district court unsealed the complaint and ordered it served on Dow Chemical. After a flurry of discovery disputes, stays, and motions for sanctions, Doe filed a motion to dismiss without prejudice under Federal Rule of Civil Procedure 41(a)(2) on May 23, 2002. Dow Chemical filed its own motion to dismiss with prejudice under Federal Rules of Civil Procedure 9(b) and 12(b)(6) on

2

June 12, 2002. Only on June 20, 2002 did Doe make a passing reference to a desire to amend his complaint if it were not dismissed without prejudice. The district court denied Doe's motions and granted Dow Chemical's motion to dismiss all of Doe's claims with prejudice. Doe timely filed notice of appeal.

## II. STANDARD OF REVIEW

Claims brought under the FCA must comply with Federal Rule of Civil Procedure 9(b), which requires pleading with particularity in cases alleging fraud. *United States, ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1998). "At a minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where, and how' of the alleged fraud." *Id.* (citations omitted). As such, a dismissal for failure to meet the requirements of Rule 9(b) is a dismissal for failure to state a claim, and therefore is subject to *de novo* review. *United States, ex rel. Russell v. Epic Healthcare Mgmt. Group*, 193 F.3d 304, 308 (5th Cir. 1999).

Dismissals for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), as noted above, are reviewed *de novo*. *Cousin v. Small*, 325 F.3d 627, 631 (5th Cir. 2003). "A district court may not dismiss a complaint for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief." *Thompson*, 125 F.3d at 901.

Federal Rule of Civil Procedure 41(a)(2) permits dismissal of a complaint without prejudice "upon order of the court and upon such terms and conditions as the court deems proper." FED. R. CIV. P. 41(a)(2). The denial of a motion for voluntary dismissal under this rule is reviewed only for abuse of discretion. *Davis v. Huskipower Outdoor Equip. Corp.*, 936 F.2d 193, 199 (5th Cir. 1991).

Leave to amend under Federal Rule of Civil Procedure 15(a) "shall be freely given when justice so requires." FED. R. CIV. P. 15(a). Although liberally allowed, such leave to amend is not automatic, but rather "is within the sound discretion of the district court." *Bloom v. Bexar County, Tex.*, 130 F.3d 722, 727 (5th Cir. 1997) (citations omitted). This Court reviews denials of leave to amend under an abuse of discretion standard. *Id.*

### III.  DISCUSSION

A.      Failure to Plead Fraud with Particularity under Federal Rule of Civil Procedure  9(b).

The FCA generally permits the Government or a party suing on the Government's behalf to recover for false claims made by the defendants to secure payment by the Government. Under the subsection at issue here, often called the "reverse" FCA, a plaintiff may recover against "any person who . . . knowingly makes, uses, or causes to be made or used, a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money or property to the Government." 31 U.S.C. § 3729(a)(7)(2002). It is called a reverse false claim because the action of the defendant results not in improper payment to defendant from the Government, but rather no payment to the Government when payment is otherwise obligated.

The "time, place and contents of the false representations, as well as the identity of the person making the misrepresentation and what [that person] obtained thereby" must be stated in a complaint alleging violation of the FCA in order to satisfy Rule 9(b). *Russell*, 193 F.3d at 308 (citations omitted). At most, Doe's complaint listed the approximate time and place of the alleged discharges that violated Dow Chemical's permits, but nothing else. The complaint averred that at the Plaquemine facility "[o]ver a period of several months in late 1998 to early 1999 a series of discharges

4

took place which were illegal." The complaint did not, however, explicitly state that any alleged false representations were made during that time.

Further, it is unclear from the face of the complaint exactly what representations Dow Chemical was allegedly making. The complaint stated only that "[t]he information was logged into a database." Doe did not specify whether the information logged in the database was false, or whether the information logged in the database was true but Dow Chemical subsequently reported false information to the Government. Doe's complaint also failed to state who was making the allegedly false representations. While several people were listed in the complaint as having "knowledge" of the discharge, Doe never alleged that any of these individuals made false representations to the Government in contravention of the FCA. Finally, while allegations may be based upon information and belief, "the complaint must set forth a factual basis for such belief." *Thompson*, 125 F.3d at 903. Here, in addition to his other shortcomings, Doe failed to provide *any factual basis* for his belief that there were "illegal" discharges at the Plaquemine facility, that certain parties knew of these discharges and their illegality, and that those parties falsified reports to the government to prevent detection. Rule 9(b) dictates that Doe's complaint must be dismissed.

It is possible that the pleading requirements of Rule 9(b) may be relaxed in certain circumstances – when, for instance, the facts relating to the fraud are "peculiarly within the perpetrator's knowledge." *Russell*, 193 F.3d at 308. Doe has at no time alleged that he did not have access to facts relating to the fraud. In fact, the complaint explained that Doe "[would] make additional information available to the Criminal Investigation Division of the Environmental Protection Agency." Absent such a showing on the part of Doe, this Court will not further relax the

5

requirements of Rule 9(b) in the context of *qui tam* suits. *Russell*, 193 F.3d 308. It was therefore proper for the district court to dismiss Doe's complaint for failure to plead with particularity.

B.      Dismissal for Failure to State a Claim under Federal Rule of Civil Procedure 12(b)(6).

This case was properly dismissed under Rule 9(b) for failure to plead fraud with particularity. Because this Court may affirm on any grounds supported by the record below, *Zuspann v. Brown*, 60 F.3d 1156, 1160 (5th Cir. 1995), there is no need to address the district court's ruling on Dow Chemical's motion to dismiss with prejudice under Rule 12(b)(6). Although both sides heavily briefed the issue of whether, under the reverse false claim provision of the FCA, failure to report emissions above those permitted by law would state a claim, this Court need not address this issue in order to affirm.

C.      Dismissal without Prejudice under Federal Rule of Civil Procedure 41(a)(2).

As a general rule, motions for voluntary dismissal should be freely granted, absent some plain legal prejudice to the non-moving party. *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002). Although the mere prospect of a second lawsuit is not enough prejudice to a defendant to warrant denial of a motion to dismiss without prejudice, "[w]hen a plaintiff fails to seek dismissal until a late stage of trial, after the defendant has exerted significant time and effort, then a court may, in its discretion, refuse to grant a voluntary dismissal." *Davis*, 936 F.2d at 199. This Circuit in *Davis* concluded that when a plaintiff moved to dismiss under Rule 41(a)(2) more than a year after the case was removed, and after months of filing pleadings, attending conferences, and submitting memoranda and further, after a magistrate recommended a ruling adverse to their position, it was not an abuse of discretion to deny voluntary dismissal. In the present case, Doe filed his motion to dismiss nine months after filing suit. Both sides had filed responsive pleadings in addition to motions to compel,

6

motions for expedited hearing, motions to dismiss, motions for oral arguments, and a motion for rehearing. The parties had attended several conferences for purposes of scheduling discovery. And although no magistrate had ruled against Doe, the United States had declined to intervene in the suit, a move which could be interpreted by Doe as substantially weakening his case. Further, Doe's counsel had been sanctioned by the district court for failure to participate in the discovery process. It was therefore not an abuse of discretion for the district court to deny Doe's motion to dismiss without prejudice under Rule 41(a)(2).

D.      Motion to Amend under Federal Rule of Civil Procedure 15(a).[1]

This Court has determined that, in order to take advantage of the liberal amendment rules as outlined in the Federal Rules of Civil Procedure, the party requesting amendment, even absent a formal motion, need only "set forth with particularity the grounds for the amendment and the relief sought." *United States, ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 2003 WL 21467963, *10 (5th Cir. June 26, 2003). Borrowing reasoning from the D.C. Circuit, this Court observed that

---

[1]Neither party has brought up the failure of the magistrate judge or district court to actually rule on Doe's motion to amend. In such circumstances, this Court, typically in footnotes, has determined that either because "the parties appear to consider [the motion not ruled upon by the court] as denied," the motion is treated on appeal as denied, *Performance Autoplex II Ltd. v. Mid-Continent Casualty Co.*, 322 F.3d 847, 862 n.22 (5th Cir. 2003), or that, because "the district court [instead of ruling on a motion to amend] rendered a dispositive order that it designated as a final order of dismissal . . . the motion to amend was impliedly denied." *Davis v. U.S.*, 961 F.2d 53, 57 n.6 (5th Cir. 1991). *See, e.g.*, *Normand v. Research Institute of America, Inc.*, 927 F.2d 857, 865 (5th Cir. 1991) (ruling that "[a]lthough the court did not expressly rule on RIA's motion for new trial, its unequivocal judgment reflects an intent to dispose of the case completely and, inferentially, to reject the new trial motion"); *Daly v. Sprague*, 742 F.2d 896, 899-900 (5th Cir. 1984) ("We find that the District Court's granting of the defendant's motion for summary judgment was so inconsistent with the plaintiff's request for leave to amend as to implicitly deny his motion."). Since both parties on appeal treat the motion to amend as denied, and the district court entered a final order dismissing Doe's claims with prejudice, this Court addresses the motion to amend as if it had been expressly denied in a district court order.

a "'bare request in an opposition to a motion to dismiss – without any indication of the particular grounds on which the amendment is sought, *cf.* FED. R. CIV. P. 7(b) – does not constitute a motion within the contemplation of Rule 15(a).'" *Id.* (citations omitted). The *Willard* panel, looking at a twice-amended complaint, determined that a mere statement that "[a] court should not dismiss a plaintiff's complaint under Rule 9(b) unless the plaintiff has already been given the opportunity to amend," without more, is an insufficient request of leave to amend. *Id.* at \*11.

In the case at bar, Doe did file a separate motion to amend, unsupported by affidavits, a brief, or a proposed amended complaint. The Court must therefore look to see whether his request sets forth with particularity the grounds for the amendment and the relief sought. Doe, in his one-page, three-sentence motion states only that "[i]n the event that the dismissal is denied, plaintiff requests leave of Court to file amended pleadings adding additional plaintiffs and facts as allowed by law." While this statement, in its loosest sense, is a request to amend, it offers no grounds on which an amendment should be permitted. The absence of any proposed amendments, compounded by the lack of grounds for such an amendment, justifies the district court's implicit denial of Doe's motion to amend his complaint.

## IV. CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.

8