United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 13, 2005**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

———————

No. 04-10468

———————

United States of America, ex rel, DOUGLAS W. WILLIAMS,

Plaintiff-Appellant,

UNITED STATES OF AMERICA,

Appellant,

versus

BELL HELICOPTER TEXTRON INC.,

Defendant-Appellee.

---

Appeal from the United States District Court
for the Northern District of Texas

---

Before REAVLEY, JONES,[1] and GARZA, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

Douglas W. Williams ("Williams") appeals the district court's order dismissing his *qui tam* action under the False Claims Act ("FCA") against Bell Helicopter Textron, Inc. ("Bell Helicopter"). Williams argues the district court erred by failing to accept as true the facts set out in the complaint. The United States of America, which declined to intervene in the case below, also appeals the district court's decision to dismiss all potential claims by the government with prejudice.

---

[1]Judge Jones concurs in Part IIA but dissents in Part IIB of the opinion.

Bell Helicopter is a government contractor that supplies goods and services for the development of military aircraft. The company employed Williams as an engineer for over five years before terminating him. Five months after his termination, Williams filed suit on behalf of the United States alleging that his former employer had made false claims against the government in violation of the FCA. 31 U.S.C. § 3729-33. After investigating the claims in the complaint, the government declined to intervene. Bell Helicopter filed a motion to dismiss, arguing that Williams had failed to comply with the requirements of Rule 9 of the Federal Rules of Civil Procedure, which requires a party to plead "the circumstances constituting fraud . . . with particularity." FED. R. CIV. P. 9(b). The district court agreed, but allowed Williams to amend his complaint in order to give him an opportunity to "be very specific in his 'who, what, when, where, and how' allegations related to his asserted false claim cause of action." As a result, Williams filed an amended complaint alleging that Bell Helicopter had violated the FCA by: 1) charging the government for time and expenses on behalf of non-American customers; 2) making false records and claims that were approved by the government; 3) conspiring to charge the government for work or expenses that were never performed; 4) exercising possession, custody or control over property or money used by the government; and 5) making false statements or records in order to conceal, avoid, or decrease its obligation to pay or transmit money to the government. Bell Helicopter moved to dismiss under Rule 12(b)(6) for failure to state a claim because the complaint did not comply with the requirements of Rule 9(b). The district court agreed that the amended complaint still did not comply with the heightened pleading standard and dismissed the case. The court also dismissed all claims by the

government with prejudice because "the United States has had ample opportunity to participate in the prosecution of those claims if she had any notion that any of them has the slightest merit."

## II

## A

Williams argues the district court erred by failing to accept as true the facts set out in the complaint. He asserts that these facts are sufficient to meet the heightened pleading standard set out in Rule 9(b).

We review the district court's dismissal of a civil complaint *de novo*, "accepting the facts alleged in the plaintiffs' complaint as true and construing their allegations in the light most favorable to them." *Goldstein v. MCI WorldCom*, 340 F.3d 238, 244 (5th Cir. 2003). Under the FCA, a private party may sue on behalf of the government "to recover for false claims made by the defendants to secure payment by the [g]overnment." *United States, ex rel. Doe v. Dow Chem. Co.*, 343 F.3d 325, 329 (5th Cir. 2003). However, "[c]laims brought under the FCA must comply with Federal Rule of Civil Procedure 9(b), which requires pleading with particularity in cases alleging fraud." *Id.* at 328. "At a minimum, [this] requires that a plaintiff set forth the 'who, what, when, where, and how' of the alleged fraud." *United States, ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997).

Williams' amended complaint is based on three incidents he claims prove the defendant violated the FCA. First, he alleges that, over a period of time in 1998, three Bell Helicopter employees "conspired to falsify and knowingly and intentionally falsified labor charges of over $3,000 each on the United States Marine Corps UH-1 program." He asserts that Bell Helicopter discovered these false charges and failed to report them to the government. The complaint further states

3

that "[t]he knowledge of which Bell Helicopter agent or employee failed to reimburse the U.S. for its payment to Bell Helicopter, as well as the date Bell Helicopter knew of its false claim and failed to notify the U.S. and failed to reimburse the U.S. for its payment it was not obligated to make is peculiarly within the knowledge of Bell."

These allegations fail to meet the particularity requirements of Rule 9(b). Significantly, Williams' complaint is directed at the company, not the three named employees that allegedly filed false reports. Beyond its conclusory assertions, Williams' complaint fails to plead any particular facts showing that Bell Helicopter was aware of the actions of its employees, that it had intentionally filed these false claims with the government, that it had purposefully withheld information about these charges, or that it intentionally failed to repay the government for the overcharges.

Similarly, Williams alleges that two employees charged Bell Helicopter "for work on the V-22 [program] while sitting in the hospital with a dying co-worker . . . for a period spanning four to six weeks." In support, Williams attached to the complaint a copy of the false charges made by the employees. The complaint, however, is devoid of any facts indicating that these allegedly false charges were ever filed with the government or that Bell Helicopter was aware that these charges were fabricated. Indeed, the complaint only states that "[o]n information and belief, these [claims] were delivered to, certified to, and invoiced to the U.S. . . . by Bell Helicopter." While fraud may be pled on information and belief when the facts relating to the alleged fraud are peculiarly within the perpetrator's knowledge, the plaintiff must still set forth the factual basis for his belief. *United States, ex rel. Russell v. Epic Healthcare Mgmt. Group*, 193 F.3d 304, 308 (5th Cir. 1999). Williams has failed to plead the basis for his belief that Bell Helicopter filed these claims knowing it was defrauding the government.

4

Finally, Williams alleges that emails showing Bell Helicopter was "conspiring to conceal" its obligation to repay the government for software and wiring upgrades is evidence of the defendant's fraudulent actions.  Under § 3729 of the FCA, a party can only be held liable if it "knowingly makes, uses, or causes to be made or used, a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money or property to the Government." 31 U.S.C. § 3729(a)(7).  The complaint and emails do not indicate that Bell Helicopter ever made a false statement or record to conceal its obligation to pay the government.  Rather, it only alleges that the company *intended* to avoid repayment.  Without any affirmative action by the company to allegedly defraud the government, a plain reading of the statute indicates that Williams cannot rely on these emails to establish a FCA violation.

In reviewing the complaint as a whole, we find that the district court did not fail to accept the pleaded facts as true.  Rather, it correctly concluded that the complaint, reviewed in the light most favorable to the plaintiff, was too general and conclusory to satisfy the particularity requirements set forth in  Rule 9(b).

B

The government asserts the district court erred in dismissing the complaint against the United States with prejudice.  Specifically, the government argues its statutory rights should not be foreclosed when a *qui tam* action is dismissed, not on the merits, but because of a deficient complaint. We review  for abuse of discretion the district court's decision to dismiss with prejudice for failure to comply with Rule 9(b).  *United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 342 F.3d 634, 644 (6th Cir. 2003).

The district court stated it was dismissing the claims against the government with prejudice

5

because it believed "the United States has had ample opportunity to participate in the prosecution of those claims if she had any notion that any of them has the slightest merit." We find the district court's speculation as to the motives of the government's actions is unreasonable, especially given the fact that the complaint was dismissed under Rule 12(b)(6) due to lack of specificity. Under § 3730 of the FCA, the Attorney General is required to make a diligent investigation based on the allegations in the complaint and any additional material evidence in order to determine whether it will proceed or decline to take over the action. 31 U.S.C. § 3730. "If the Government proceeds with the action, it shall have the primary responsibility for prosecuting the action . . . ." 28 U.S.C. § 3730(c). The statute, however, does not require the government to proceed if its investigation yields a meritorious claim. Indeed, absent any obligation to the contrary, it may opt out for any number of reasons. For example, a decision not to intervene may " not [necessarily be] an admission by the United States that it has suffered no injury in fact, but rather [the result of] a cost-benefit analysis." *United States ex rel. Berge v. Bd. of Trs. of the Univ. of Ala.*, 104 F.3d 1453, 1458 (4th Cir. 1997). Here, given the Rule 9(b) deficiencies, the government may have determined that the costs associated with proceeding based on a poorly drafted complaint outweighed any anticipated benefits. The record is simply void on this issue. While the government could have opted to intervene and amend, it is not the court's duty to speculate as to the costs and benefits associated with such a strategy.

Moreover, dismissing the claims with prejudice circumvents a purpose of Rule 9(b)) ) to "guard[] against the institution of a fraud-based action in order to discover whether unknown wrongs actually have occurred." WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 1296. By essentially requiring the government to intervene in order to avoid forfeiting any future claims against the defendant, private parties would have the added incentive to file FCA suits lacking in the required

6

particularity, knowing full well that the government would be obligated to intervene and ultimately "fill in the blanks" of the deficient complaint. Accordingly, in order to avoid such perverse incentives, we find that the district court abused its discretion in dismissing the claims as to the United States with prejudice after holding that the *qui tam* complaint failed to meet the heightened pleading standard of Rule 9(b). Such a holding guards against concerns previously raised by this court that the FCA allows a relator, in the most egregious of circumstances, "to make sweeping allegations that, while true, he is unable to effectively litigate, but which nonetheless bind the government, via *res judicata*, and prevent it from suing over those concerns at a later date when more information is available." *Riley v. St. Luke's Episcopal Hosp.*, 252 F.3d 749, 757-58 (5th Cir. 2001) (en banc) (Smith, J dissenting).

In this regard, our decision is distinguishable from the one articulated by the Ninth Circuit in *In re Schimmels*, 127 F.3d 875 (9th Cir. 1997). In *Schimmels*, the court of appeals held that a summary judgment order against a relator in a *qui tam* action precluded the government from bringing its own FCA case against the defendants. The court noted that the government had "tacitly participated in the adjudication of the relators' adversary proceeding" by holding "its own adversarial proceeding in abeyance for over a year, presumably awaiting the outcome of the relator's actions." *Id.* at 882, n.15. Here, not only was there no such tacit participation, but the complaint itself was so deficient that the court never reached the merits of the claim. Furthermore, our approach is consistent with our previous assertion that a dismissal against one relator may not necessarily preclude another relator from bringing the same suit on behalf of the government. *See United States ex rel., Laird v. Lockheed Martin Eng'g*, 336 F.3d 346, 358 (5th Cir. 2003).

Finally, while we acknowledge that our ruling would in fact give the government further

7

opportunity to look into the allegations of the relator, that opportunity is constrained by the statute of limitation provisions of the FCA. *See* 31 U.S.C. § 3731(b) ("A civil action. . .may not be brought. . .more than 3 years after the date when facts material to the right of action are known or reasonably should have been known by the official in the United States charged with responsibility to act in the circumstances. . . ."). Accordingly, we find that the dismissal with prejudice as to the United States was unwarranted where, as here, the relator's claims were dismissed on a Rule 12(b)(6) motion based on a lack of specificity in the complaint as required by Rule 9(b).

III

For the above stated reasons, we AFFIRM the district court's order dismissing the plaintiff's *qui tam* action but MODIFY the judgment to be without prejudice to the United States of America.

AFFIRMED AS MODIFIED.