IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 18, 2008

Charles R. Fulbruge III
Clerk

No. 07-20170

THOMAS A. BAZAN

Plaintiff-Appellant

v.

MAYOR BILL WHITE; MILTON WILSON, JR., His Official Capacity - City
of Houston Housing and Community Development Agency

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:03-CV-5220

Before WIENER, BARKSDALE, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Thomas Bazan challenges the dismissal of this action under the False
Claims Act (FCA), 31 U.S.C. § 3729 et seq.  Defendants assert, inter alia, that the
alleged false or fraudulent claim is not material.  AFFIRMED.

I.

This action, filed in November 2003, alleged in part:  the City of Houston
failed to properly supervise lead-based paint (LBP) certifications to ensure they

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

met standards set by the United States Department of Housing and Urban Development (HUD); and Housing Opportunities Houston (a partner to the City administering housing programs) submitted fraudulent LBP certifications, which ultimately resulted in financial assistance for low-income home buyers from HUD-funded programs.

The Government declined to intervene. The City's motion to dismiss under Federal Rules of Civil Procedure 9(b) and 12(b)(6) was granted in September 2006.

## II.

A dismissal under Rule 12(b)(6) (failure to state a claim) is reviewed de novo. E.g., United States ex rel. Doe v. Dow Chem. Co., 343 F.3d 325, 328 (5th Cir. 2003). Dismissal is proper if the complaint fails to allege a required element of the offense; conclusory allegations are insufficient. E.g., Blackburn v. City of Marshall, 42 F.3d 925, 931 (5th Cir. 1995).

Claims under the FCA must also comply with Rule 9(b) (requiring pleading with particularity in cases alleging fraud). Doe, 343 F.3d at 328. "At a minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where, and how' of the alleged fraud." Id. Dismissal for failure to satisfy Rule 9(b)'s requirements is a dismissal for failure to state a claim and, therefore, like a Rule 12(b)(6) dismissal, is reviewed de novo. Id.

To state a claim under the FCA, a relator must allege, inter alia, a person either "knowingly presents [to the Government] . . . a false or fraudulent claim for payment or approval" or "knowingly makes[ or] uses . . . a false record or statement to get a false or fraudulent claim paid or approved by the Government". 31 U.S.C. §§ 3729(a)(1), (2) (emphasis added). Among other factors that must be satisfied to recover under the FCA, the alleged "false or fraudulent claim" must be material. United States ex rel. Marcy v. Rowan Co., No. 06-31238, 2008 WL 588745, at *3 (5th Cir. 5 Mar. 2008) (citing United States

v. Southland Mgmt. Corp., 326 F.3d 669, 679 (5th Cir. 2003) (en banc) (Jones, J., concurring)).  A claim is material if the Government relies upon it to determine whether to make a payment or grant an approval.  Id.

Bazan does not allege, however, that the Government relies upon an LBP certification to determine whether to pay or approve the funds at issue.  Restated, Bazan does not allege an LBP certification is a material claim.  Moreover, LBP certifications are not material to the decision to distribute or approve funds.  In short, Bazan fails to state a claim under the FCA.

## III.

For the foregoing reasons, the judgment is AFFIRMED.