# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

————

No. 17-30902
Summary Calendar

————

United States Court of Appeals
Fifth Circuit

**FILED**
July 3, 2018

Lyle W. Cayce
Clerk

RICHARD DOUGLAS, individually and on behalf of his son, Joshua Dale Powe Douglas; L.C., individually and on behalf of the minor child, G.D.; JESSICA SHEPPARD, individually and on behalf of the minor child, M.S.,

Plaintiffs - Appellants

v.

MATTHEW DEPHILLIPS, individually and in his official capacity as Deputy, St. Tammany Parish Sheriff's Office; JAMES KELLY, individually and in his official capacity as Deputy, St. Tammany Parish Sheriff's Office; JACOB JENKINS, individually and in his official capacity as Deputy, St. Tammany Parish Sheriff's Office; CRISTEN GRAHAM, individually and in her official capacity as Deputy First Class, St. Tammany Parish Sheriff's Office; ALEX DANTAGHAN, individually and in his official capacity as Sergeant, St. Tammany Parish Sheriff's Office; RANDY SMITH, as successor to Rodney "Jack" Strain, and as Sheriff, St. Tammany Parish, in his individual and official capacities; RODNEY JACK STRAIN, JR., former Sheriff, St. Tammany Parish, individually and in his official capacity as the Sheriff, St. Tammany Parish, during times relevant to the shooting; JOSH WILLIAMS, individually and in his official capacity as Corporal, St. Tammany Parish Sheriff's Office; GREY THURMAN, individually and in his official capacity as Deputy First Class, St. Tammany Parish Sheriff's Office; FRED OSWALD, individually and in his official capacity as Chief Deputy, St. Tammany Parish Sheriff's Office; BRIAN TRAINOR, individually and in his official capacity as Deputy Chief, Legal, St. Tammany Parish Sheriff's Office; UNIDENTIFIED PARTIES,

Defendants - Appellees

No. 17-30902

---

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:17-CV-2305

---

Before JOLLY, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Richard Douglas ("Richard"), individually and on behalf of his son, Joshua Dale Powe Douglas ("Douglas"); L.C., individually and on behalf of the minor child, G.D.; and Jessica Sheppard, individually and on behalf of the minor child, M.S., (collectively, "Appellants") challenge the district court's dismissal of their civil rights complaint against the St. Tammany Parish Sheriff's Office and several of its police officers. For the reasons explained below, we AFFIRM.[1]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Appellants also contend that they are appealing the district court's denial of their motion for relief from judgment under Federal Rule of Civil Procedure 60(b) and, alternatively, to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). The notice of appeal was filed prior to the order denying Appellants' Rule 60(b) and 59(e) motion, and Appellants never amended the notice of appeal to challenge the order denying their post-judgment motion as required by Federal Rule of Appellate Procedure 4(a)(4)(B)(ii). Under our precedent, "a brief may serve as the 'functional equivalent' of an appeal if it is filed within the time specified by [Federal Rule of Appellate Procedure] 4 and gives the notice required by [Federal Rule of Appellate Procedure] 3." *Taylor v. Johnson*, 257 F.3d 470, 475 (5th Cir. 2001) (per curiam) (quoting *Smith v. Barry,* 502 U.S. 244, 247–49 (1992)). Here, because Appellants' brief was not filed within the time specified by Rule 4, we lack jurisdiction to review the district court's order denying the Rule 60(b) and 59(e) motion. *See id.* Even if we did have jurisdiction to review this order, Appellants waived the issue due to inadequate briefing. *See Douglas W. ex rel. Jason D. W. v. Hous. Indep. Sch. Dist.*, 158 F.3d 205, 210 n.4 (5th Cir. 1998) (per curiam) ("[F]ailure to provide any legal or factual analysis of an issue on appeal waives that issue.").

No. 17-30902

## I. Background

Douglas was shot and killed by Deputy Matthew DePhillips following a car chase in St. Tammany Parish, Louisiana. According to the First Amended Complaint, Douglas attempted to evade police officers pursuing him for driving with a stolen license plate. Douglas's girlfriend, Jessica Sheppard, sat in the passenger seat and was about five months pregnant. Deputies DePhillips, James Kelly, and Jacob Jenkins pursued Douglas into a dead-end square. After Douglas backed into a ditch, Deputies DePhillips, Kelly, and Jenkins allegedly rushed to Douglas's immobilized vehicle with their weapons drawn. Sheppard held her hands in the air, screaming she was pregnant. Douglas held his hands near the top of Sheppard's arms, and his head was within inches of Sheppard's and turned slightly towards Deputy DePhillips. Deputy DePhillips fatally shot Douglas near his right eye. According to Appellants, Deputy DePhillips later stated that he believed Douglas had a gun in his hand and was hiding it underneath Sheppard's hair behind the headrest. No gun was ever found in Douglas's vehicle.

Deputy Jenkins purportedly came around to the passenger side door, removed Sheppard from the vehicle, and threw her to the ground on her stomach despite Sheppard being visibly pregnant and screaming that she was pregnant. Appellants allege that this incident caused temporary and permanent injury to Sheppard's then-unborn child, M.S. After the scene was declared safe, EMS arrived, checked Douglas's pulse, and declared him dead. Appellants allege that Douglas survived for some time after being shot, and they suggest that he may have survived had EMS been called sooner.

Appellants sued the St. Tammany Parish Sheriff's Office and several of its police officers involved in Douglas's death and Sheppard's apprehension. On appeal, Appellants challenge the dismissal of their federal civil rights claims under 28 U.S.C. § 1983 for excessive force against Douglas, Sheppard,

No. 17-30902

and M.S. under the Fourth Amendment, failure to render medical care to Douglas under the Fourteenth Amendment, Richard's claim for deprivation of familial association under the Fourteenth Amendment, and *Monell*[2] liability against the Sheriff of St. Tammany Parish.[3]  Appellants also challenge the district court's denial of their request to replead and the dismissal of their intentional spoliation claim.[4]

## II. Discussion

As an initial matter, the appellate briefing regarding *Monell* liability and excessive force against Douglas and Sheppard merely refers us to the district court briefing without citing any supporting authority.  Accordingly, these issues are waived due to inadequate briefing.  *Summers v. Dretke*, 431 F.3d 861, 870 (5th Cir. 2005); *see also Rigas v. United States,* 486 F. App'x 491, 497 (5th Cir. 2012) (per curiam) ("[W]e consider these arguments to be waived due to inadequate briefing because the [appellants] attempt to incorporate their arguments before the district court by reference without citing any supporting authorities in their appellate brief.").[5]  This determination also defeats Richard's familial association claim and M.S.'s excessive force claim, which were based on excessive force against Douglas and Sheppard.[6]  We similarly

---

[2] *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

[3] Appellants do not challenge the dismissal of their unwarranted seizure claim under the Fourth Amendment.

[4] We review de novo the dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6), and we review for abuse of discretion the denial of leave to amend a complaint.  *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1173–74 (5th Cir. 2006).

[5] Although *Rigas* is not "controlling precedent," it "may be [cited as] persuasive authority." *Ballard v. Burton*, 444 F.3d 391, 401 n.7 (5th Cir. 2006) (citing 5TH CIR. R. 47.5.4).

[6] It was Appellants' burden to show that the defense of qualified immunity is unavailable because the officers' conduct violated clearly established statutory or constitutional rights.  *See Cass v. City of Abilene*, 814 F.3d 721, 728 (5th Cir. 2016) (per curiam).  They failed to do so.  This is not a case involving an obvious constitutional violation, and the briefing only discusses these claims at "a high level of generality" and failed to show clearly established law "particularized" to the facts of this case.  *See White v. Pauly*, 137 S.

4

affirm dismissal of the claim brought on behalf of Douglas against several police officers for failure to render medical care because the briefing does not challenge the district court's determination that the officers were entitled to qualified immunity.[7] *Askanase v. Fatjo*, 130 F.3d 657, 668 (5th Cir. 1997) ("All issues not briefed are waived.").

Appellants argue that the district court should have allowed them to amend their First Amended Complaint based on their request to amend in their opposition to the motion to dismiss.[8] Federal Rule of Civil Procedure 15(a) provides that leave to amend should be freely given when justice so requires. To take advantage of this rule, "the party requesting amendment, even absent a formal motion, need only 'set forth with particularity the grounds for the amendment and the relief sought.'" *United States ex rel. Doe v. Dow Chem. Co.*, 343 F.3d 325, 330–31 (5th Cir. 2003) (quoting *United States ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 386–87 (5th Cir. 2003)).

Here, Appellants failed to set forth with sufficient particularity the grounds for the amendment. At the end of their opposition to the motion to dismiss, Appellants stated that they "should be given an opportunity to amend . . . to further state any claims considered deficient" and "to plead further"

---

Ct. 548, 552 (2017). Therefore, we affirm the district court's dismissal of their claims based on qualified immunity. *See id.*

[7] The briefing merely argues that the First Amended Complaint stated a claim for failure to render medical care. But Appellants are required to point to case law showing that the officers are not entitled to qualified immunity. *See Cass*, 814 F.3d at 728. They failed to do so, and this is not a case where a constitutional violation is obvious. *See White*, 137 S. Ct. at 552. Thus, even if this issue were not waived, we would still affirm the district court's dismissal of the claim based on qualified immunity. *See id.*

[8] Appellants also argue that the district court erred by failing to expressly rule on their request to amend. However, because the district court dismissed all of the federal claims with prejudice and declined to exercise supplemental jurisdiction over the state law claims, the request to amend was implicitly denied. *See Davis v. United States*, 961 F.2d 53, 57 n.6 (5th Cir. 1991).

No. 17-30902

Richard's claims.  These statements are insufficient to constitute a request for leave to amend under Rule 15(a).  *See Goldstein v. MCI WorldCom*, 340 F.3d 238, 254–55 (5th Cir. 2003) (perceiving no abuse of discretion in denying leave to amend where the plaintiffs "tacked on a general curative amendment request to the end of their response in opposition to the defendants' motion to dismiss," which stated, "Should this Court find that the Complaint is insufficient in any way, however, plaintiffs respectfully request leave to amend"); *Willard*, 336 F.3d at 387 ("[A] bare request in an opposition to a motion to dismiss—without any indication of the particular grounds on which the amendment is sought—does not constitute a motion within the contemplation of Rule 15(a)." (alteration in original) (internal citation omitted) (quoting *Confederate Mem'l Ass'n v. Hines,* 995 F.2d 295, 299 (D.C. Cir. 1993))).

AFFIRMED.[9]

---

[9] Appellants also contend that they stated a claim for intentional spoliation and that the district court failed to address that claim in its order dismissing the First Amended Complaint.  Appellants' intentional spoliation claim was clearly based on Louisiana law, and the district court dismissed all of the state law claims without prejudice after declining to exercise supplemental jurisdiction.  Appellants do not challenge the district court's decision not to exercise supplemental jurisdiction.