# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 3, 2021

Lyle W. Cayce
Clerk

No. 21-40281

Moses Kovalchuk,

*Plaintiff—Appellant*,

*versus*

Wilmington Savings Fund Society, FSB, *a Trustee of Upland Mortgage Loan Trust A*,

*Defendant—Appellee*.

Appeal from the United States District Court for the
Eastern District of Texas
USDC No. 4:20-CV-186

Before Higginbotham, Higginson, and Duncan, *Circuit Judges*.
Per Curiam:[*]

In this suit seeking to set aside the foreclosure of his farm, Moses Kovalchuk appeals the district court's denial of leave to amend his complaint. Finding no abuse of discretion, we AFFIRM.

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-40281

## I.

Kovalchuk bought a farm in Aubrey, Texas in 2007, defaulted on his mortgage in 2018, and sued in state court in 2019 seeking to set aside the foreclosure sale based on claims of false representations and insufficient notice. Defendant Wilmington Savings Fund Society ("Wilmington") removed the case to federal court in 2020. In an advisory order issued on April 17, 2020, the district court ordered the parties to replead as necessary. Kovalchuk did not file an amended complaint. On June 16, 2020, Wilmington moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). Kovalchuk's response, filed on July 7, 2020, included without elaboration a "request for leave to amend any other cause of action which the Court determines should be dismissed." He did not, however, attempt to file an amended complaint or move for leave to do so. The deadline for filing an amended complaint—set by the scheduling order at August 28, 2020—came and went.

In January 2021, the magistrate judge issued a report recommending Kovalchuk's claims be dismissed with prejudice. The magistrate also recommended that Kovalchuk's bare-bones "request" for leave to amend his complaint should be denied because Kovalchuk filed no amended complaint in response to the court's advisory or in response to Wilmington's Rule 12(c) motion, and never moved for leave to do so. Kovalchuk objected, arguing he should be given leave to amend based on the "good cause" standard in Federal Rule of Civil Procedure 16(b). Adopting the magistrate's recommendation, the district court overruled Kovalchuk's objection and dismissed his complaint.

No. 21-40281

Kovalchuk timely appeals, arguing only that he should have been allowed to file an amended complaint.[1]

## II.

We review a district court's ruling on a motion to amend for abuse of discretion. *Torch Liquidating Trust ex rel. Bridge Assocs. L.L.C. v. Stockstill*, 561 F.3d 377, 390 (5th Cir. 2009).

Kovalchuk argues the district court should have allowed him to amend his complaint based on his one-sentence request in his opposition to the motion for judgment on the pleadings. "Where, as here, the movant seeks leave to amend after the pleadings deadline in the district court's scheduling order, the movant must demonstrate good cause." *Gentilello v. Rege*, 627 F.3d 540, 546 (5th Cir. 2010) (citing *S & W Enters., L.L.C. v. SouthTrust Bank of Ala.*, 315 F.3d 533, 535–36 (5th Cir. 2003)); *see also* FED. R. CIV. P. 16(b)(4). If the movant shows good cause, the court may consider various factors under Rule 15(a)(2). *Douglas v. Wells Fargo Bank, N.A.*, 992 F.3d 367, 373 (5th Cir. 2021). These include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (citation omitted).

Even assuming Kovalchuk had good cause for seeking leave to amend after the deadline, he still must have "set forth with particularity the grounds for the amendment and the relief sought." *United States ex rel. Doe v. Dow Chem. Co.*, 343 F.3d 325, 330–31 (5th Cir. 2003) (quoting *United States ex rel.*

---

[1] Kovalchuk has not briefed, and has therefore waived, any issue as to the dismissal of his claims. *See Matter of 3 Star Properties*, 6 F.4th 595, 611 n.12 (5th Cir. 2021).

*Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 386–87 (5th Cir. 2003)). He failed to do so. At the end of his opposition to the Rule 12(c) motion, Kovulchuk merely "request[ed] for leave to amend any other cause of action which the Court determines should be dismissed." That was insufficient. For instance, Kovalchuk included no proposed amended complaint and "failed to apprise the district court of the facts that he would plead in an amended complaint, if necessary, to cure any deficiencies in his pleadings." *Gentilello*, 627 F.3d at 546. As in similar cases, "we have 'little difficulty affirming [the] district court's denial of leave to amend.'" *Edionwe v. Bailey*, 860 F.3d 287, 294 (5th Cir. 2017) (quoting *Gentilello*, 627 F.3d at 546); *see, e.g.*, *Goldstein v. MCI WorldCom*, 340 F.3d 238, 254–55 (5th Cir. 2003) (finding no abuse of discretion in denying leave to amend where plaintiffs "tacked on a general curative amendment request to the end of their response in opposition to the defendants' motion to dismiss").

AFFIRMED.