# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 21, 2010

No. 10-10039

Lyle W. Cayce
Clerk

CITY OF CLINTON, ARKANSAS

Plaintiff-Appellant

v.

PILGRIM'S PRIDE CORPORATION

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Texas

Before KING, GARWOOD, and DAVIS, Circuit Judges.

GARWOOD, Circuit Judge:

Defendant-appellee Pilgrim's Pride Corporation (Pilgrim's) is the owner of a facility for growing and processing poultry in the City of Clinton, Arkansas (City). Pilgrim's acquired the facility in 2004 from another poultry processing company, ConAgra. In October 2008, Pilgrim's announced that it would close its operations in the City. Pilgrim's subsequently filed for relief under Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.,* on December 1, 2008.

As a result of the plant's closure, the City has experienced economic distress, including difficulty in repaying debts the City incurred in the construction of a water purification system designed to serve the needs of the

No. 10-10039

poultry plant.  On June 1, 2009, the City of Clinton initiated an Adversary Proceeding in Bankruptcy Court, alleging that Pilgrim's violated the Packers and Stockyards Act (PSA), 7 U.S.C. §§ 187 *et seq.*, by closing the plant "for the purpose" and with the "effect" of manipulating the price of commodity chicken, *id.* at §192(a)-(e), and further alleging fraud, fraudulent non-disclosure, and promissory estoppel.  The District Court for the Northern District of Texas, Fort Worth Division, withdrew the case from Bankruptcy Court on August 18, 2009 pursuant to 28 U.S.C. § 157(d).

On September 15, 2009, the district court dismissed without prejudice the City's original complaint, finding that the City lacked standing to pursue its claims under the PSA, and that the City's complaint failed to state a claim for promissory estoppel, fraud, or fraudulent non-disclosure. The City subsequently filed a motion for leave to amend, and attached a proposed First Amended Complaint that sought to plead the fraud and promissory estoppel claims with sufficient specificity and to add claims for violations of the Arkansas Deceptive Trade Practices Act (ADTPA) and unjust enrichment.  The district court denied leave to amend on the basis that amending the complaint would be futile, and dismissed the civil action with prejudice.  The district court thereafter entered a Rule 54(b) Final Judgment.  The City appeals the judgment.  Although the amended complaint repeated the claims for violation of the PSA, fraudulent non-disclosure, and attorneys fees, the City does not challenge on appeal the dismissal of any of those claims.  Judgment in favor of Pilgrim's and adverse to the City has thus become final on each of those claims. *Cf. Nilsen v. City of Moss Point*, 701 F.2d 556 (6th Cir. 1983) (en banc).  Rather, the instant appeal concerns only the adequacy of the allegations related to the City's claims of

2

No. 10-10039

fraud, promissory estoppel, unjust enrichment, and the Arkansas Deceptive Trade Practice Act (ADTPA).

## BACKGROUND

The proposed amended complaint attempts to add specificity to the City's allegations that both ConAgra and Pilgrim's represented to the City that if the City expanded its water treatment facilities to meet their needs, they would keep the facility open and operational, or in the event that the facility closed, would pay off the remaining bonds for the expansion. To this end, the City relies entirely upon two oral statements by representatives of ConAgra, which is not a defendant herein, and Pilgrim's, that allegedly induced the City to undertake the expansion project.

First, the City alleges that in January 1985, the City Council and the Water and Sewer Department met with management for ConAgra to discuss the proposed expansion of the City's water and sewer facilities to meet the needs of the ConAgra poultry plant and the proposed issuance of 40-year municipal bonds by the City to fund the expansion. City Councilman Paul Bone allegedly asked the ConAgra representatives how the City would repay the bonds if ConAgra "pulled up stakes and left." Mr. Hooper, ConAgra's Clinton Plant Manager, allegedly replied: "We will not go off and leave you holding the bag." The City allegedly understood this statement, coupled with the silence of the other attending ConAgra representatives, as a promise by ConAgra not to close the plant without the bonds having first been paid off and as inducement to the City to issue the bonds and expand the City's water treatment system. The City issued a series of bonds, beginning in 1986,

3

No. 10-10039

allegedly in reliance on ConAgra's said promise.  Pilgrim's acquired the plant in 2004.[1]

Second, the City alleges that Pilgrim's ratified this 1985 ConAgra promise on January 31, 2004.  On that date, Bob Hendrix, a senior vice president of Pilgrim's, stated that Pilgrim's would "have a long-term commitment to the City of Clinton" as its "community partner."  The statement was allegedly made at "a meeting of the Clinton Chamber of Commerce," attended that day by the City's mayor and Water and Sewer Commission president, among others.  The proposed amended complaint alleges that this statement "was false because, at the time it was made, Pilgrim's did not intend to make a long-term commitment to the City of Clinton" and "[i]n fact, at the same time, Pilgrim's was reviewing plans to close the Clinton processing plant."  It is further alleged that "Pilgrim's intended for" the City "to rely upon" Hendrix's said statement "in making further expenditures for water and sewer facilities" and that the City "relied upon this promise by Pilgrim's by continuing to incur [unspecified] significant debt in order to keep the poultry plant in Clinton, Arkansas in operation."  The complaint alleges that over *four years* later "in October 2008" Pilgrim's announced "it was closing its operations in Clinton," and completed doing so within the next thirty days.  Pilgrim's filed for Chapter 11 on December 1, 2008.

---

[1] The proposed amended complaint alleges that "[i]n 2004, Pilgrim's purchased all of the poultry operations and assets of ConAgra Foods, a competitor, and thereby became the owner, operator, and successor in interest to ConAgra with respect to a processing plant and grower operations in Clinton, Arkansas."

No. 10-10039

After evaluating the City's amended complaint, the district court dismissed all of the City's claims with prejudice.  The district court found that the 1985 and 2004 statements contained no facts and could not serve as a material misrepresentation or operative act to support a fraud, promissory estoppel or unjust enrichment claim.  In addition, the district court found that the statements relate to future events and therefore could not form the basis of a fraud action.  The district court also found that the City could not maintain an action under the ADTPA because the City was not a "person" under that statute.

## STANDARD OF REVIEW

Ordinarily, this court reviews the denial of a motion for leave to file an amended complaint for abuse of discretion.  However, where, as here, the district court's denial of leave to amend was based solely on futility, we apply a de novo standard of review identical, in practice, to the standard used for reviewing a dismissal under Rule 12(b)(6).  *Wilson v. Bruks-Klockner, Inc.*, 602 F.3d 363, 368 (5th Cir. 2010).  Under the 12(b)(6) standard, all well-pleaded facts are viewed in the light most favorable to the plaintiff, but plaintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim.  *See Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007) ("Factual allegations must be enough to raise a right of relief above the speculative level."). We do not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

5

No. 10-10039

This court may affirm the district court's dismissal "on any grounds supported by the record." *Hosein v. Gonzales*, 452 F.3d 401, 403 (5th Cir. 2006).

## DISCUSSION

All of the City's claims at issue in this appeal– fraud, promissory estoppel, unjust enrichment, and violation of the ADTPA– stem from the two alleged "promises" by Hooper and Hendrix, respectively described above.

### A. *Fraud*

In order to make out a claim for fraud under Arkansas law,[2] the plaintiff must allege "(1) a false representation of a material fact; (2) knowledge that the representation is false or that there is insufficient evidence upon which to make the representation; (3) intent to induce action or inaction in reliance upon the representation; (4) justifiable reliance on the representation; and (5) damage suffered as a result of the representation." *Bomar v. Moser*, 251 S.W. 3d 234, 241 (Ark. 2007). As with any 12(b)(6) motion to dismiss, we accept well-pled factual allegations as true, but plaintiffs must allege "a plausible entitlement to relief" in order to withstand the motion. *Twombly*, 127 S.Ct. at 1967-69. Fraud claims must also meet the heightened pleading standard of Rule 9(b), under which "a party must state with particularity the circumstances constituting fraud." FED. R. CIV. P. 9(b).

---

[2] As the district court noted, there is a choice-of-law issue here, between the laws of Texas (the state in which the district court sat in diversity) and Arkansas (where the disputed actions took place). The district court found that the two states' laws were identical and so declined to perform the choice-of-law analysis. For our purposes, since the City's amended complaint argues that Arkansas law applies, and since we conclude that the amended complaint fails to state a claim under Arkansas law, we need not reach the choice-of-law issue or analyze Texas law.

No. 10-10039

The district court was correct in finding that the City's proposed amended complaint's allegations of fraud are deficient, and that as a result, allowing amendment of the fraud claim would be futile. First, the City's amended complaint fails to sufficiently plead that there has been a false representation of a material fact, because the statements by Hooper and Hendrix upon which the City relies simply do not contain any material facts. Because a false statement is, by definition, material only "if a reasonable person would attach importance to and be induced to act on the information," we have held that statements that are so inherently vague and ambiguous cannot be material. *Shangdong Yinguang Chem. Indus. Joint Stock Co. v. Potter*, 607 F.3d 1029, 1033 (5th Cir. 2010). Hooper's January 1985 statement that ConAgra "will not go off and leave you holding the bag," even when considered in the context of the meeting at which it was stated, is inherently vague because it admits of a variety of interpretations. For example, an equally plausible meaning to the one the City urges is that ConAgra was promising not to close the plant *right away* after the City issued the bonds; indeed, the plant did not close for over twenty-three years after the statement was allegedly made. Hendrix's January 2004 statement that Pilgrim's would "have a long-term commitment to the City of Clinton" as its "community partner" is even more vague–it not only contains no facts on its face, but also is devoid of context that would link it to the water system expansion in any way. This court has held similarly vague and attenuated statements to be insufficient to survive a motion to dismiss under the standards of Rules 12(b)(6) and 9(b). *See, e.g. Potter*, 607 F.3d at 1033. ("[Plaintiff] did not plead that [Defendant] presented any detailed, corroborating information, facts or

7

No. 10-10039

figures to support the statement [that the company was in sound financial condition] that might entice a reasonable person to attach importance to the statement.  Further, the statement is significantly attenuated from the execution of [the contracts at issue] which occurred, respectively, seven and ten months later.").

Moreover, the City does not allege any facts to provide a basis for its claim that Hendrix's oral statement constituted a "ratification" by Pilgrim's of the oral statement made nineteen years early by Hooper, as a representative of ConAgra.  Indeed, the City does not allege any facts indicating that Hendrix was even aware that Hooper's 1985 statement had been made.  The City has failed to allege a basis for holding Pilgrim's liable for a ConAgra plant manager's alleged oral "promise" made nineteen years previously.

Even if the context surrounding Hooper's 1985 statement could be seen as providing the requisite specificity for the statement, the City's fraud claim would still fail because the statements, which do not purport to be promises at all, in any event wholly relate to future events, which cannot form the basis of a fraud action.  *Se. Distrib. Co. v. Miller Brewing Co.*, 237 S.W. 3d 63, 74 (Ark. 2007).  There is an exception to this rule where the plaintiff can show that the defendant knew the promise was false when made, but the City has insufficiently alleged that Hooper had any knowledge that the statement was false at the time it was made. While the City alleges that "[a]t the time the representation and promise was made, Mr. Hooper and ConAgra intended to 'leave the City holding the bag' of indebtedness...at the time the poultry processor closed the plant," this allegation is meaningless absent any factual allegations concerning any then intent to close the plant, and the allegation is

8

No. 10-10039

essentially nothing more than a conclusory statement of the element of the cause of action, and therefore lacks sufficient specificity. *See Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2008) ("simple allegations that defendants possess fraudulent intent will not satisfy Rule 9(b)"). While Rule 9(b) provides that intent and knowledge "may be alleged generally," this is not license to base claims of fraud upon conclusory allegations. *See, e.g. Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994) ("To plead scienter adequately, a plaintiff must set forth specific facts that support an inference of fraud.").

The City contends that its allegations are factually similar to those in the Arkansas Supreme Court case *Tyson v. Davis*, where the court found that the plaintiffs had sufficiently evidenced fraudulent intent. *Tyson v. Davis*, 66 S.W.3d 568 (Ark. 2002). The cases are totally unlike. In *Davis*, the plaintiff, an independent hog raiser, presented evidence that defendant, Tyson Foods, several times specifically promised him that he would be provided hogs to raise over a long many year term, but that Tyson had all along actually planned to send its hogs to other units as soon as they became operational. Indeed, Tyson had admitted that it all along intended its business with the plaintiff to be a stop-gap until its temporarily interrupted Missouri operations could resume, and was instead only contesting that representations to the contrary had ever been made. In contrast, the City in this case has alleged no facts sufficient to support its conclusory assertion that Hooper knew his statement to be false when made. Hendrix's alleged statement is so vague as to be essentially meaningless.

**B.  Promissory Estoppel**

9

No. 10-10039

The City next argues that the district court erred in denying it leave to amend its complaint to more sufficiently allege promissory estoppel. A plaintiff claiming promissory estoppel must allege (1) a promise by the defendant; (2) that the defendant should reasonably expect to induce action or forbearance; (3) that the plaintiff did act in reliance on that promise to its detriment; and (4) that injustice can be avoided only be enforcing that promise. *Van Dyke v. Glover*, 934 S.W.2d 204, 209 (Ark. 1996).

Like the fraud cause of action, the promissory estoppel cause of action fails because the statements by Hooper and Hendrix, upon which the City bases its claims, are impermissibly vague and ambiguous. Such vague and attenuated statements cannot be considered to be promises that the defendant would reasonably expect to induce action.

Furthermore, the City has failed to adequately allege reasonable reliance. The City primarily argues that the district court erroneously applied Texas, rather than Arkansas, law and that under Arkansas law the question of reasonable reliance is for the finder of fact to determine. However, the Arkansas law relied upon by the City still requires, with respect to "actual reliance . . . and whether it was reasonable," that "at the pleading stage, the allegation must be sufficiently stated." *Van Dyke*, 934 S.W.2d at 209. In federal court, the sufficiency of the pleadings is determined by federal procedure. *Cf. Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308 (5th Cir. 1995) (on summary judgment in federal court diversity case, where nonmovant would, under state law, have burden of proof at trial on a given issue, it will have burden of proof in federal summary judgment proceedings on that issue even though it would not have such burden as nonmovant in state court

No. 10-10039

summary judgment proceeding).  Thus, before the issue of reasonable reliance may be heard by the finder of fact, the City's pleadings must meet the standards set out in Rule 12(b)(6).  Because the City has failed to show more than mere conclusory allegations of justifiable reliance, the City has failed to meet its burden.  *See Twombly*, 127 S.Ct. at 1966.  It is facially apparent that no reasonable City official could have relied on the statements alleged and no facts are alleged which plausibly suggest otherwise.  *See Iqbal*, 129 S.Ct. at 1950.

Because we conclude that the City's amended complaint fails to state a claim under the Arkansas law of promissory estoppel, we affirm the district court's ruling that amendment on this issue would be futile.

### C.  *Unjust Enrichment*

The City also  argues that it should have been granted leave to amend its complaint to add an unjust enrichment claim.  Unjust enrichment occurs when the defendant "has received money under such circumstances that, in equity and good conscience, he ought not to retain."  *Merchants Plants Bank & Trust Co. v. Massey*, 790 S.W.2d 889, 891 (Ark. 1990).

The City argues that the district court reached its conclusion that this amendment would be futile by improperly imposing a requirement that an unjust enrichment claim be predicated on another tort (e.g. fraud or promissory estoppel).  While the City is correct in stating that promissory estoppel under Arkansas law does not require a tortious or illegal act by the defendant, an "operative act, intent, or situation to make the enrichment unjust and compensable" *is* needed.  *Hatchell v. Wren*, 211 S.W. 3d 516, 522 (Ark. 2006).

The "operative act" alleged by the City is the inducement by ConAgra and Pilgrim's–by way of Hooper and Hendrix's statements–of the City to undertake the water system expansion.  Because the meanings of the statements were vague and ambiguous, and because the statements were so attenuated from the eventual closure of the facility, they do not amount to a sufficient "operative act" that rendered the enrichment unjust and compensable.  Further, while Arkansas law of unjust enrichment does not actually require promises or statements, the City does not otherwise allege "circumstances...such that equitably defendant should restore to plaintiff what he has received." *Frigillana v. Frigillana*, 584 S.W.2d 30, 34 (Ark. 1979).  While ConAgra and Pilgrim's undoubtedly benefitted from the expanded infrastructure, the City has failed to demonstrate that this enrichment was unjust.  *See Hatchell*, 211 S.W. at 522 ("One who is free from fault cannot be held to be unjustly enriched merely because he or she has chosen to exercise a legal or contractual right.")

## D. *Arkansas Deceptive Trade Practices Act (ADTPA)*

Finally, the City appeals the district court's denial of leave to amend the complaint to include a claim for violation of the ADTPA.  The City's amended complaint alleges violation of section 107(a)(10) of the ADTPA, which makes it unlawful for "any person" to "[engage] in any...unconscionable, false, or deceptive act or practice in business, commerce, or trade." Ark. Code § 4-88-107(a)(10).  A plaintiff need not prove that the defendant was knowingly or intentionally deceptive, and instead need only prove that the defendant engaged in a practice that has the

No. 10-10039

capacity to deceive a reasonable consumer. *See Curtis Lumber Co. v. Louisiana Pac. Corp.*, 618 F.3d 762 (8th Cir. 2010).

We affirm the district court's finding that amendment of the complaint to include the ADTPA claim would be futile. However, it was unnecessary for the district court to reach the issue of whether a municipal corporation can ever be considered a "person" for purposes of standing under the ADTPA. *See* Ark. Code § 4-88-113(f). Instead, we affirm the futility finding on the ground that the City's primary ADTPA claim– that Pilgrim's acted in an "unconscionable" manner in inducing the City to expand its water system– fails, like the other claims, because the statements by Hooper and Hendrix are too vague and ambiguous to satisfy the specificity requirements of Rule 12(b)(6). These alleged statements simply had no capacity to deceive a reasonable consumer, and no facts are alleged which plausibly suggest otherwise. *See Twombly*, 127 S.Ct. at 1966.

The City mentions briefly in passing an alternative basis for an ADPTA claim, based on allegations that Pilgrim's had acted in an unconscionable manner by selectively closing facilities in order to drive up poultry prices. However, this argument is insufficiently developed before this court because no further explanation or legal arguments were provided regarding these allegations.

## CONCLUSION

The district court did not err in denying the City's motion for leave to file an amended complaint or in dismissing the City's petition for failure to state a claim. Accordingly, the judgment of the district court is

AFFIRMED.

13