# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30472

United States Court of Appeals
Fifth Circuit

**FILED**

June 29, 2017

Lyle W. Cayce
Clerk

MELVA LEONA VALLERY,

      Plaintiff - Appellant

v.

AMERICAN GIRL, L.L.C., a wholly owned subsidiary of Mattel Toys,

      Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:13-CV-5066

Before KING, JOLLY, and PRADO, Circuit Judges.

PER CURIAM:*

    Melva Leona Vallery asserts a claim of copyright infringement against American Girl, LLC ("American Girl"). Specifically, Vallery alleges that the nine books in the American Girl series featuring "Marie-Grace" and "Cecile" in antebellum New Orleans infringe the copyright on Vallery's unpublished novel, "Baba Grace and the Necklace," set partially in Reconstruction-era New Orleans. Observing that the works are "wholly dissimilar," the district court

---

    * Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 15-30472

found that Vallery did not plead a valid claim of copyright infringement, upheld the magistrate judge's order denying Vallery's motion to file an amended complaint as "futile," and dismissed Vallery's claims against American Girl with prejudice. We AFFIRM.

I.

In July 2013 Vallery, proceeding pro se and *in forma pauperis* ("IFP"), filed suit against American Girl, alleging copyright infringement. Vallery claimed that American Girl infringed the copyright on her book "Baba Grace and the Necklace." Vallery further alleged "more than 100 substantial similarities" between her unpublished book and the nine American Girl books in the "Marie-Grace" and "Cecile" series. Vallery later obtained counsel and amended her complaint to include as a defendant Evelyn Coleman, the author of the American Girl book "The Cameo Necklace," which Vallery argues is strikingly similar to "Baba Grace and the Necklace."[1]

In January 2014, Vallery filed through counsel a notice of voluntary dismissal pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure. Vallery then moved pro se to reopen the case. In Vallery's memorandum in support of her motion to reopen the case, she explained that she had entered "Baba Grace and the Necklace" in the Amazon/CreateSpace Breakout Novel Writers' Contest in spring 2011. The Contest included 10,000 entries, and her manuscript did not make the first cut. Expressing her intent to finish all three books of a trilogy in which "Baba Grace and the Necklace" would be the first, Vallery acknowledged that she has not published her book.

The district court granted Vallery's motion to reopen the case. At this time, Vallery's counsel formally withdrew. Vallery then filed a motion for

---

[1] Coleman, however, was never served and was subsequently removed from the case caption.

summary judgment and a motion for leave to amend her complaint. The magistrate judge ("MJ") denied Vallery's motion to amend. The MJ found that any amendment to the complaint would be futile because Vallery was unable to plead or allege facts sufficient to support a claim of copyright infringement. Vallery then sought review by the district court. The district court, however, affirmed the MJ's order denying Vallery's motion to amend and dismissing Vallery's claims with prejudice. Both the MJ and the district court relied on case law from this circuit involving the evidentiary standard of establishing a prima facie case of copyright infringement.

Vallery timely appealed and moved for leave to proceed IFP. The district court denied Vallery's motion to proceed IFP. This Court, however, granted Vallery's IFP motion, noting that the district court's dismissal of Vallery's claims based on lack of sufficient factual allegations may have been at odds with *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002).

II.

In general, we review a district court's denial of a motion to file an amended complaint under an abuse of discretion standard. *City of Clinton v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152 (5th Cir. 2010). When the district court's denial is based solely on *futility*, however, "we apply a de novo standard of review identical, in practice, to the standard used for reviewing a dismissal under Rule 12(b)(6)." *Id.* (citing *Wilson v. Bruks-Klockner, Inc.*, 602 F.3d 363, 368 (5th Cir. 2010)). Moreover, "[t]his court may affirm the district court's dismissal 'on any grounds supported by the record.'" *Id.* at 153 (quoting *Hosein v. Gonzales*, 452 F.3d 401, 403 (5th Cir. 2006)).

Here, because the MJ's denial of Vallery's motion to amend was based on futility, the district court considered—as does this court on appeal—whether Vallery's complaint would survive a motion to dismiss under Rule 12(b)(6), which requires the plaintiff to allege sufficient facts to "raise a right

to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also City of Clinton*, 632 F.3d at 153. Further, "all well-pleaded facts are viewed in the light most favorable to the plaintiff, but plaintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton*, 632 F.3d at 152–53. In short, enough facts must be pleaded to render the claim "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). An IFP civil rights claim must be dismissed if it fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

Although we do not typically consider material outside of the pleadings when ruling on a Rule 12(b)(6) motion, the works at issue in copyright disputes are "central" to the plaintiff's claim and therefore may be considered. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000) ("We note approvingly, however, that various other circuits have specifically allowed that '[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim.'" (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993))).

Vallery's pleading is pro se, and the general rule is that pro se pleadings are "h[e]ld to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). "[L]egal conclusions masquerading as factual conclusions," however, are no more permitted in pro se pleadings than in attorney-drafted pleadings. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (quoting *S. Christian Leadership Conference v. Supreme Court of the State of La.*, 252 F.3d 781, 786 (5th Cir. 2001)).

No. 15-30472

III.

Vallery contends that American Girl's "Marie-Grace" and "Cecile" books infringed the valid copyright on her novel, "Baba Grace and the Necklace." A claim for copyright infringement requires that the plaintiff show "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). In this case, the MJ found that, although Vallery alleges ownership, she "has not pleaded facts that show that American Girl supposedly 'copied' her 'Baba Grace' work." *Vallery v. Am. Girl Dolls*, No. 13-5066, 2015 WL 1539253, at *2 (E.D. La. Apr. 6, 2015).

Vallery's ownership of copyright in her work—the first prong of the copyright infringement claim—is not disputed in this case. The second prong—that of unauthorized copying—is disputed. To establish "copying," a plaintiff must show "factual copying and substantial similarity." *Guzman v. Hacienda Records and Recording Studio, Inc.*, 808 F.3d 1031, 1037 (5th Cir. 2015). Further, "factual copying may be inferred from (1) proof that the defendant had access to the copyrighted work prior to creation of the infringing work and (2) probative similarity." *Id.* (quoting *Positive Black Talk, Inc. v. Cash Money Records, Inc.*, 394 F.3d 357, 368 (5th Cir. 2004), *abrogated on other grounds by Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154 (2010)). If "access" cannot be shown, the plaintiff may prove factual copying by "showing such a 'striking similarity' between the two works that the similarity could only be explained by actual copying." *Armour v. Knowles*, 512 F.3d 147, 152 n.3 (5th Cir. 2007).

Even if copying is established, it must be legally actionable. "To determine whether an instance of copying is *legally actionable*, a side-by-side comparison must be made between the original and the copy to determine whether a layman would view the two works as 'substantially similar.'" *Creations Unlimited, Inc. v. McCain*, 112 F.3d 814, 816 (5th Cir. 1997).

5

No. 15-30472

A.

The initial question is whether the district court's dismissal of Vallery's complaint at the pleading stage was at odds with *Swierkiewicz*, 534 U.S. 506. There, the Supreme Court addressed an employment discrimination claim by the plaintiff. *Swierkiewicz*, 534 U.S. at 509. The Second Circuit affirmed the dismissal of the plaintiff's claim, holding that employment discrimination complaints must allege facts to support a prima facie case. *Id.*; *see McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). The Supreme Court, however, reversed and characterized *McDonnell Douglas* as "an evidentiary standard, not a pleading requirement," *Swierkiewicz*, 534 U.S. at 510; further, "[t]h[e] [Supreme] Court has never indicated that the requirements for establishing a prima facie case under *McDonnell Douglas* also apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss." *Id.* at 511.

The *Swierkiewicz* issue arises from the district court's reliance on case law addressing the establishment of a prima facie case of copyright infringement at or after the summary judgment stage—not at the pleading stage. The facts here, however, do not require us to address this alleged error of the district court in imposing the incorrect standard. Here Vallery bases her pleading claim on "striking similarity," a theory that provides an inference of access that can be determined through a layman's comparison of the two works. Vallery does not allege that American Girl accessed or had an opportunity to view her unpublished work; and although Vallery mentions her entry in the Amazon/CreateSpace writing contest, six of the nine Marie-Grace *American Girl* books at issue were published in 2010, which was *before* Vallery entered the contest. Thus, Vallery could not have alleged facts indicating that American Girl accessed her work. So, assuming that Vallery proceeded to discovery, her "striking similarity" allegations would not have been enhanced by any evidence to inform a comparison between Vallery's work and American

6

Girl's. Thus, the instant case differs from the situation in *Swierkiewicz*, where discovery may have been helpful.

Further, under the pleading standard of *Twombly* and *Iqbal*, Vallery was required to allege a claim of copyright infringement by circumstantial evidence that was "plausible on its face." *Twombly*, 550 U.S. at 570. Because Vallery pleaded "striking similarity" and did not allege any other basis for her claim of copyright infringement, the district court made no reversible error.

## B.

Vallery argues, however, that the district court erred in not allowing Vallery to amend her complaint. The MJ held, and the district court agreed, that amending pleadings would be futile because Vallery could not "plead facts to show that American Girl had direct access to her works." *Vallery*, 2015 WL 1539253, at *3.

Although Vallery's Amended Complaint surmises that American Girl may have accessed her manuscript through the Amazon/CreateSpace Contest, she fails to allege facts to support this contention. Instead, Vallery argues that access may be inferred through the "striking similarities" between the two works. When "compar[ing] the works side-by-side and in their entireties," and as a "reasonable layman," however, the MJ found the parties' works to be "wholly dissimilar in total concept and feel." *Vallery*, 2015 WL 1539253, at *3. Specifically, the court found that Vallery's novel was directed toward a more mature audience: "[I]t includes scenes involving murder, a revenge killing, demon-fighting, visions, supernatural experiences, and time travel." *Id.* The story is centered on a "magic amulet that once belonged to [protagonist Louisa's] grandmother and which [Louisa's mother] hid when it was in her possession." *Id.* The *American Girl* novel "The Cameo Necklace," on the other hand, is the story of Cecile, who "attends the circus and while there happens to lose a beautiful (but not magical) cameo necklace that she borrowed from

No. 15-30472

her aunt." *Id.* at \*4. The court observed that "The Cameo Necklace" was written for young readers, and that it involves Cecile's visiting the circus, riding on an elephant, and assisting a runaway slave to escape to freedom. *Id.* The district court agreed with the MJ's position concerning striking similarity and adopted the MJ's findings.

With respect to Vallery's reference to the Amazon writing contest in her brief, American Girl argues that "speculation is not a substitute for facts," referring to the language from *Peel & Co. v. Rug Market*, 238 F.3d 391, 394–95 (5th Cir. 2001). Furthermore, as mentioned above, a majority of the American Girl books at issue were published before Vallery's entering the CreateSpace writers' contest.

Thus, the district court was correct to conclude that Vallery's motion to amend her complaint should be denied on the basis of futility; no amendment to the complaint could breathe life into her claim. The two works do not bear such striking similarity that copying may be inferred.

IV.

In sum, we hold that the district court did not err first, in concluding that the complaint should be dismissed under the Rule 12(b)(6) standard and, second, in denying the proposed Amended Complaint on the basis of futility. Accordingly, we AFFIRM.[2]

---

[2] Vallery's motion to expedite the appeal is DENIED as moot.