# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-20164
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 28, 2018

Lyle W. Cayce
Clerk

ISRAEL CURTIS,

      Plaintiff - Appellant

v.

DONALD SOWELL; TOMMY GAGE; JOSEPH SCLIDER; DAVID COOK; ALTON NEELY; TUCK MCLAIN; GRIMES COUNTY; MONTGOMERY COUNTY,

      Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CV-810

Before STEWART, Chief Judge, and OWEN and COSTA, Circuit Judges.

PER CURIAM:*

## I.    BACKGROUND

This case arises from the police raid of an automobile auction on June 27, 2015, where Appellant Israel Curtis was arrested along with Leslie Shipman and Jerry Williams. Shipman and Williams were selling the automobiles as part of the sale of their automobile repair business. They had

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

hired Curtis to be the auctioneer. Fifty-six vehicles were also seized from the auction.

Probable cause for the raid was determined by a district court judge in Grimes County, Texas, and the vehicles were seized pursuant to a search warrant. The probable cause affidavit contained allegations that Shipman had been cited previously for selling vehicles without a license, had continued to sell vehicles without a license, and intended to liquidate many vehicles at the June 27, 2015 auction. Additionally, the affidavit alleged that many of the vehicles up for auction did not have proper title paperwork, and that Shipman had taken unlawful possession of a vehicle up for sale at the auction. The affidavit further stated that Curtis was listed as the auctioneer, but that Curtis's auctioneer license had expired in April 2015 and was not current.

All three men were charged by a grand jury indictment on October 29, 2015. The charges against Curtis were eventually dismissed, while Williams and Shipman pleaded guilty to selling vehicles without a license. Curtis paid a $250 fine to the Texas Department of Licensing and Regulation for conducting an auction with a suspended auctioneer license.

Curtis sued Sheriff Donald Sowell, Deputy David Cook, and District Attorney Tuck McLain from Grimes County; Sheriff Tommy Gage, Lieutenant Joseph Sclider, and Detective Alton Neely from Montgomery County; Grimes County; and Montgomery County ("Appellees") alleging violations of his First, Fourth, and Fourteenth Amendment rights under 42 U.S.C. § 1983, as well as various state tort law claims, including a claim of conspiracy.[1] The district

---

[1] Curtis asserts a federal conspiracy claim for the first time on appeal. As such, it will not be considered by this court. *See Stewart Glass & Mirror, Inc. v. U.S. Auto Glass Disc. Ctrs., Inc.,* 200 F.3d 307, 316–17 (5th Cir. 2000) ("It is a bedrock principle of appellate review that claims raised for the first time on appeal will not be considered.").

No. 18-20164

court granted Appellees' motion to dismiss all claims pursuant to Fed. R. Civ. P. 12(b)(6). We AFFIRM.

## II.     DISCUSSION

This court reviews a district court's grant of a motion to dismiss de novo. *McLin v. Ard*, 866 F.3d 682, 688 (5th Cir. 2017). "Under the 12(b)(6) standard, all well-pleaded facts are viewed in the light most favorable to the plaintiff, but plaintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir. 2010). Allegations need not be detailed, but they "must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Sullivan*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*A. Fourth Amendment Claim*

Curtis contends that the district court erred in dismissing his Section 1983 claim alleging that he was arrested and prosecuted without probable cause in violation of the Fourth Amendment. The district court determined that the "impartial intermediary doctrine" absolved Appellees of liability. We agree.

"It is well settled that if facts supporting an arrest are placed before an independent intermediary such as a magistrate or grand jury, the intermediary's decision breaks the chain of causation for false arrest, insulating the initiating party." *Taylor v. Gregg*, 36 F.3d 453, 456 (5th Cir. 1994), *overruled on other grounds by Castellano v. Fragozo*, 352 F.3d 939 (5th Cir. 2003) (en banc). And "[o]ur precedents have applied this rule even if the independent intermediary's action occurred after the arrest, and even if the

3

arrestee was never convicted of any crime." *Buehler v. City of Austin/Austin Police Dep't*, 824 F.3d 548, 554 (5th Cir. 2016). So unless an exception to the independent intermediary rule applies, Curtis's grand jury indictment dooms his false arrest claim.[2]

There is an exception to the independent intermediary rule "if the plaintiff shows that 'the deliberations of that intermediary were in some way tainted by the actions of the defendant.'" *Deville v. Marcantel*, 567 F.3d 156, 170 (5th Cir. 2009) (quoting *Hand v. Gary*, 838 F.2d 1420, 1428 (5th Cir. 1998)). "[B]ecause the intermediary's deliberations protect even officers with malicious intent," *Buehler*, 824 F.3d at 555, "a plaintiff must show that the [officer's] malicious motive led the [officer] to withhold relevant information or otherwise misdirect the independent intermediary by omission or commission." *McLin*, 866 F.3d at 689. When analyzing allegations of taint at the motion to dismiss stage, "'mere allegations of 'taint,'" *Cuadra v. Hous. Indep. Sch. Dist.*, 626 F.3d 808, 813 (5th Cir. 2010), "may be adequate to survive a motion to dismiss where the complaint alleges other facts supporting the inference." *McLin*, 866 F.3d at 690.

But Curtis does not allege that the Appellees deceived the grand jury or withheld material information from it. He alleges that District Attorney McLain "persuaded the grand jury to indict Mr. Shipman, Mr. Williams, and

---

[2] The court below and the parties also looked at whether the search warrant entitled Appellees to the protection of the independent intermediary doctrine. But a magistrate's authorizing a search warrant, as opposed to an arrest warrant, does not necessarily constitute a finding of probable cause as to a particular person. Instead, the magistrate only needed to find probable cause to believe that evidence of a crime—committed by someone— was located at Shipman's auto shop. The supporting affidavit mentioned only that Curtis would be conducting an auction at the shop and that his auctioneer license had expired. If the warrant focused on criminal wrongdoing by any specific person, it was Shipman. In any event, because we hold that the grand jury indictment insulated Appellees from liability for false arrest, we need not decide whether the search warrant was an alternative basis for application of the independent intermediary doctrine.

Mr. Curtis, even though Mr. McLain knew that there was no factual or legal basis for the charge." But that is not an allegation that McLain, or anyone else, deceived or withheld material information from the grand jury. McLain's subjective beliefs about the merits of the prosecution—even if those beliefs rose to the level of "malicious intent"—are inconsequential. *Buehler*, 824 F.3d at 555. Because Curtis failed to present well-pleaded allegations of taint, and because probable cause was found by a grand jury, the district court did not err in dismissing this claim.

### B. First Amendment Claim

Curtis next argues that the district court erred in dismissing his Section 1983 claim of retaliation in violation of the First Amendment. He contends that he was prosecuted because his attorney published writings criticizing the conduct of various Appellees. The district court determined that Curtis failed to state a plausible claim because "retaliatory criminal prosecutions in violation of the First Amendment are actionable only if a plaintiff can also prove the common-law elements of malicious prosecution, including the absence of probable cause to prosecute[,]" and probable cause was established by both a district court judge and a grand jury. *Keenan v. Tejeda,* 290 F.3d 252, 260 (5th Cir. 2002). We have already explained that probable cause was independently established by the grand jury and it was not defeated by "taint." The district court did not err by dismissing this claim.

### C. Fourteenth Amendment Claims

Curtis argues that the district court erred in dismissing his Section 1983 claims under the Fourteenth Amendment. He alleges that his due process rights were violated when his auctioneer license was suspended, that he properly pleaded a claim under the stigma-plus-infringement doctrine, and that he properly pleaded a claim for selective enforcement and prosecution.

No. 18-20164

### 1. *Due Process*

Curtis contends the district court ignored his Fourteenth Amendment claim that Appellees deprived him of his auctioneer license without due process. However, this claim is raised for the first time on appeal and as such will not be considered by this court. *See Stewart Glass & Mirror, Inc.,* 200 F.3d at 316–17.

### 2. *Stigma-Plus-Infringement*

Establishing a stigma-plus-infringement claim requires both "the infliction of a stigma on a person's reputation by a state official" and "an infringement of some other interest." *Blackburn v. City of Marshall,* 42 F.3d 925, 935–36 (5th Cir. 1995). "To satisfy the stigma prong of this test, 'the plaintiff must prove that the stigma was caused by a *false* communication.'" *Id.* (quoting *Phillips v. Vandygriff,* 711 F.2d 1217, 1221 (5th Cir. 1983) (emphasis in original)). Here, Curtis contends that Appellee Sclider made a false statement that inflicted stigma on Curtis's reputation. Sclider said, in a televised statement as the auction was raided and Curtis, Shipman, and Williams were arrested, that police can presume vehicles are stolen if they are not registered by the possessor within twenty days. Curtis alleges this statement was false. However, as found by the district court, this statement accurately summarizes Texas Penal Code § 31.03(c)(7)(B). Curtis claims the text of the statute requires the state to establish that a vehicle was stolen before imputing that knowledge to a purchaser. This interpretation is contradicted by a plain reading of the statute, which states in relevant part that: "[A]n actor who purchases or receives a used or secondhand motor vehicle is presumed to know on receipt . . . of the motor vehicle that [it] has been previously stolen . . . if the actor knowingly or recklessly. . . fails to file . . . the registration license receipt and certificate of title" within twenty days of receiving the vehicle. Tex. Penal Code § 31.03(c)(7)(B). The district court did

not err in dismissing Curtis's stigma-plus-infringement claim because the statement at issue was not false.

### 3. Selective Enforcement and Prosecution

Curtis alleges in his pleadings that the enforcement of his suspended license and subsequent prosecution were motivated by a desire to "retaliate against him for exercising his First Amendment rights." This claim is separate from the claim of retaliation under the First Amendment, though the district court only addressed the retaliation claim.

"[T]o successfully bring a selective prosecution or enforcement claim, a plaintiff must prove that the government official's acts were motivated by improper considerations, such as race, religion, or the desire to prevent the exercise of a constitutional right." *Bryan v. City of Madison*, 213 F.3d 267, 277 (5th Cir. 2000). Curtis contends that his attorney's published writings criticizing Appellees, which occurred post-arrest and pre-indictment, were the reason the prosecutor "persuaded" the grand jury to indict Curtis. Even if Curtis's attorney's writings suffice as an underlying constitutionally protected activity,[3] Curtis fails to plead facts sufficient to avoid dismissal. His complaint states that his attorney sent a link alleging misconduct by Appellees to the grand jury, and in response District Attorney Tuck McClain "persuaded the grand jury to indict" Curtis. This timeline makes clear that the decisions to enforce and prosecute were decided before Curtis's attorney published the writings at issue. Even under the Fed. R. Civ. P. 12(b)(6) standard, where "all well-pleaded facts are viewed in the light most favorable to the plaintiff,"

---

[3] We do not reach the question of whether writings by Curtis's attorney, rather than by Curtis, suffice as the underlying "constitutionally protected activity." *Keenan*, 290 F.3d at 258; *see also Eng v. Cooley*, 552 F.3d 1062, 1067–68 (9th Cir. 2009) (declining to consider whether a client has "third-party standing to assert a claim based, in part, upon the violation of his attorney's right to free speech").

No. 18-20164

Curtis's pleadings fail to allege facts "that support the elements" of selective enforcement or prosecution. *City of Clinton*, 632 F.3d at 152.

## III.    CONCLUSION

For the foregoing reasons, we AFFIRM the district court's judgment.