# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

December 10, 2019

Lyle W. Cayce
Clerk

No. 19-10278

MICHAEL JAMISON,

      Plaintiff - Appellant

v.

FLUOR FEDERAL SOLUTIONS, L.L.C.,
a South Carolina Limited Liability Company,

      Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:16-CV-441

Before KING, JONES, and DENNIS, Circuit Judges.

PER CURIAM:*

Plaintiff Michael Jamison appeals the district court's dismissal of his third amended complaint, which alleged retaliation by his former employer, Fluor Federal Solutions (FFS)[1], for engaging in activity protected by the False Claims Act's (FCA) whistleblower provision.  31 U.S.C. § 3730(h); *Jamison v.*

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Jamison was hired by Del-Jen, Inc. (DJI), which merged with FFS, making FFS DJI's successor-in-interest. **Red Br. at 4.**  For clarity, we refer to the defendant-appellee as FFS.

No. 19-10278

*Fluor Fed. Sols., LLC*, No. 3:16-CV-0441-S, 2019 WL 460304, at \*10 (N.D. Tex. Feb. 6, 2019). "Under the whistleblower provision of the FCA, Appellant was required to show that he engaged in protected activity, that Appellee knew he was engaged in protected activity, and that he was discharged because of it." *Sealed Appellant I v. Sealed Appellee I*, 156 F. App'x. 630, 634 (5th Cir. 2005). The district court determined that Jamison did not plausibly plead that any FFS employee had knowledge of his asserted protected activities, an essential element of Jamison's whistleblower claim. *See City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 153 (5th Cir. 2010) ("[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim."). For the reasons explained in the district court's opinion, we affirm this holding.

Next, Jamison argues that the district court did not consider all of the types of protected activity in which he allegedly engaged. He claims that the court below treated his complaint as if his protected activity was limited to the filing of a *qui tam* action. But, in fact, the district court assumed that other alleged conduct, such as Jamison's internal complaints and police reports, did qualify as protected activity under the FCA. Proceeding upon this assumption, the court then analyzed whether Jamison plausibly alleged the second element of an FCA retaliation claim—that FFS was aware of his protected activity— and determined his pleading failed at this stage of the inquiry. Thus, Jamison's claim that the district court failed to fully consider his alleged protected activity is without merit.

Jamison also appeals the district court's order denying without prejudice his motion to compel discovery and contends that the district court improperly limited the matters that he could plead. Jamison, however, does not cite any legal authority to support these claims. These claims are thus abandoned. *Carl E. Woodward, L.L.C. v. Acceptance Indem. Ins. Co.*, 743 F.3d 91, 96 (5th

No. 19-10278

Cir. 2014); *United States v. Upton*, 91 F.3d 677, 684 n.10 (5th Cir. 1996) ("[C]laims made without citation to authority or references to the record are considered abandoned on appeal.").

Finally, Jamison contends that the district court abused its discretion by denying him a fourth—and unrequested—chance to amend his pleadings. "A party who neglects to ask the district court for leave to amend cannot expect to receive such a dispensation from the court of appeals." *See U.S. ex rel. Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 387 (5th Cir. 2003). Further, "[l]eave to amend properly may be denied when the party seeking leave has repeatedly failed to cure deficiencies by amendments previously allowed and when amendment would be futile." *Id.* (affirming dismissal with prejudice where relator had two opportunities to amend his complaint). Not only has Jamison been given multiple chances to remedy his pleading deficiencies, but, at this stage, it appears that any further opportunities to amend will be futile as "there is no indication in [Jamison]'s briefs to this court that he will be able to allege" that FFS had knowledge of any protected activity undertaken by Jamison. *Id.* Consequently, the district court did not abuse its discretion when it "presume[d]" that Jamison had "pleaded his best case at this point" and dismissed his suit with prejudice. *See Bosarge v. Miss. Bureau of Narcotics*, 796 F.3d 435, 443 (5th Cir. 2015) (stating that, "[i]n the analogous Rule 12(b)(6) context, our court has ordered the district court to dismiss insufficient pleadings where the plaintiff has had an opportunity to plead his best case" and affirming dismissal when plaintiff had failed to meet the pleading standard after being given three opportunities to do so).

For the foregoing reasons, we AFFIRM the judgment of the district court.