# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-50753
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
February 24, 2020

Lyle W. Cayce
Clerk

ELIZABETH DOMEL,

Plaintiff-Appellant,

versus

JPMORGAN CHASE BANK, N.A.,

Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Texas
No. 1:18-CV-801

Before DAVIS, SMITH, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Elizabeth Domel appeals the dismissal of her action seeking a

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-50753

declaration that the statute of limitations bars JPMorgan Chase Bank, N.A. ("JPMC"), from foreclosing on its lien against her real property.  We affirm.

I.

Nearly ten years ago, Domel obtained a Chapter 7 discharge in bankruptcy.  During those proceedings, she filed her intention to retain certain real property by continuing to provide JPMC with the property's associated mortgage payments.  Nevertheless, those payments ceased in short order.[1]

JPMC obtained a judgment declaring its lien to be valid and enforceable. *JPMorgan Chase Bank, N.A. v. Domel*, No. A-14-CV-767-LY, 2016 U.S. Dist. LEXIS 182340, at \*3–4 (W.D. Tex. July 29, 2016).  After the court entered final judgment, Domel raised a statute-of-limitations defense in a post-judgment motion to amend.  The court denied Domel's motion, reasoning that she had waived the defense by failing to raise it in her answer.  JPMC then began state foreclosure proceedings.

Domel filed this suit to declare that—notwithstanding the declaratory judgment—JPMC's right to foreclose is barred by limitations.  The district court dismissed Domel's claims with prejudice, and she appeals.

II.

"Appellate review of a district court's dismissal for failure to state a claim under Rule 12(b)(6) is *de novo*." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).  We view "all well-pleaded facts . . . in the light most favorable to the plaintiff, but [she] must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of*

---

[1] Domel claims that JPMC stopped accepting her payments in 2012, but JPMC asserts that Domel stopped sending payment in August 2011.  For purposes of adjudicating the motion to dismiss, we accept Domel's alleged facts as true; our analysis remains unaffected.

No. 19-50753

*Clinton v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).  We are not limited to the district court's reasoning; indeed, we "may affirm the district court's dismissal on any grounds supported by the record."  *Id.* at 153 (quotation marks and citation omitted).

Domel contends that the declaratory judgment does not render her limitations defense *res judicata* because the defense was not available to her at that time.  In other words, although JPMC's declaratory judgment might have been valid when issued, Domel would have us declare that limitations has expired in the interim.

Such misunderstanding upon misunderstanding rests on a fundamentally incorrect premise:  Contrary to Domel's theory, her discharge in bankruptcy extinguished her "personal liability for the debt" but did not affect "[JPMC's] continuing lien on the collateral."  *In re Kinion*, 207 F.3d 751, 757 (5th Cir. 2000).  Instead, Texas's four-year statute of limitations' period began "when [JPMC] actually exercise[d] its option to accelerate," *i.e.*, in November 2017.  *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001).  *See also* TEX. CIV. PRAC. & REM. CODE § 16.035(b).  The limitations defense was indeed not available to Domel when JPMC filed its declaratory action; neither is it available to her now.

AFFIRMED.